UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | CASE NO. BK08-83016 |
| ) | A10-8052 |
| TRI-STATE FINANCIAL, LLC, ) | |
| d/b/a North Country Ethanol, ) | |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |
| Thomas D. Stalnaker, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| George Allison, Jr.; Frank Cernik; ) | |
| Phyllis Cernik; Chris Daniel; Amy Daniel; ) | |
| Distefano Family Ltd. Partnership; ) | |
| Mark E. Ehrhart; Robert G. Griffin; ) | |
| John L. Hoich; Denise Hoich; Timothy ) | |
| Jackes; James G. Jandrain; American ) | |
| Interstate Bank; George Kramer; Bernie ) | |
| Marquardt; Radio Engineering Industries, ) | |
| Inc.; Joseph Vacanti, Trustee of the ) | |
| Joseph & Cynthia Vacanti Trust; and ) | |
| Centris Federal Credit Union, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Centris Federal Credit Union, ) | |
| ) | |
| Counterclaim and ) | |
| Cross-Claim Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Thomas D. Stalnaker, Trustee, ) | |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| and ) | |
| ) | |

1

| | |
|---|---|
| George Allison, Jr.; Frank Cernik; | ) |
| Phyllis Cernik; Chris Daniel; Amy Daniel; | ) |
| Distefano Family Ltd. Partnership; | ) |
| Mark E. Ehrhart; Robert G. Griffin; | ) |
| John L. Hoich; Denise Hoich; Timothy | ) |
| Jackes; James G. Jandrain; Linda L. | ) |
| Klassmeyer; George Kramer; Bernie | ) |
| Marquardt; Radio Engineering Industries, | ) |
| Inc.; and Joseph Vacanti, Trustee of the | ) |
| Joseph & Cynthia Vacanti Trust, | ) |
| | ) |
| Cross-Claim Defendants. | ) |
| | ) |

## ORDER DENYING MOTION FOR JUDICIAL RECUSAL

Before the Court is American Interstate Bank's Motion for Judicial Recusal. (Fil. #400). In support of its Motion, AIB asserts that "the Hastings Court is partial and prejudicial to any testimony which many be presented on remand" because the Court spent hours intensely reviewing trial testimony, evidence and court findings. (Fil. #400, ¶¶ 9-10). It maintains: "A reasonable person cannot expect the Hastings Court to completely disregard those convictions in the event Witnesses, who are available and whose testimony is both material and disputed, are recalled while this matter is on remand." (Fil. #400, ¶ 12).

Pursuant to 28 U.S.C. § 455, which is made applicable to bankruptcy judges by Rule 5004 of the Federal Rules of Bankruptcy Procedure, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and must disqualify himself "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a) and (b)(1). "Despite section 455(a)'s broad scope, it does not 'literally [extend] to any kind of doubtful behavior.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (quoting United States v. Sypolt, 346 F.3d 838, 839 (8th Cir. 2003)). For example, "'expressions of impatience, dissatisfaction, annoyance, and even anger'" are not sufficient to require recusal. Id. (quoting Liteky v. United States, 510 U.S. 540, 555–56 (1994)). The United States Supreme Court articulated the standard:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it

produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.  As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence.  If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." In re J.P. Linahan, Inc., 138 F.2d 650, 654 (CA2 1943).  Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings.  It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.
. . .

First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S., at 583.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.  An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22 (1921), a World War I espionage case against German–American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." Id., at 28 (internal quotation marks omitted).  Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts

at courtroom administration—remain immune.

Liteky v. United States, 510 U.S. at 550–51, 555–56 (1994); see also Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 665 (8th Cir. 2003) ("An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality.").

While case law interpreting section 455 makes it clear that courts have a duty to recuse where any of the statutory grounds exist, some courts have found that there is a corresponding duty not to recuse if cause for recusal has not been shown. Rhiel v. Hook (In re Johnson), 408 B.R. 123, 125 (Bankr. S.D. Ohio 2009); Barna v. Haas (In re Haas), 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003); In re Womack, 253 B.R. 245, 246 (Bankr. E.D. Ark. 2000); In re Computer Dynamics, Inc., 253 B.R. 693, 698 (E.D. Va. 2000).

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher, 323 F.3d at 664 (quoting Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992)).

AIB has not shown grounds sufficient to meet its burden of proof. It has not shown (or even claimed) that this Court's decision derived from extrajudicial sources, and it has not shown a high degree of favoritism or antagonism that would make fair judgment impossible. While it is true that this Court cited to expert testimony in support of its findings and found one witness's testimony on an issue not credible, the findings and conclusions cited by AIB are not sufficient to warrant recusal under the standards articulated by the United States Supreme Court and the Eighth Circuit Court of Appeals. Id.; see also United States v. Wisecarver, 644 F.3d 764, 771 (8th Cir. 2011) ("'[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings[ ] do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' Liteky, 510 U.S. at 555. Moreover, 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.' Id."); Seidel v. Durkin (In re Goodwin), 194 B.R. 214 (B.A.P. 9th Cir. 1996) (holding that a bankruptcy judge properly refused recusal and that there was no evidence of bias when a debtor sought recusal because the judge, among other things, made negative comments about his credibility during a matter properly before the judge); Rhiel v. Hook, 408 B.R. 123, 126 (Bankr. S.D. Ohio 2009) (holding that a judge who determined a witness was not credible in a previous related proceeding was not required to recuse herself and stating: "When a witness gives testimony; it is the responsibility of the fact finder to assess the credibility of that testimony. The Court's assessment of Defendant's prior testimony is not an extraordinary measure which would lead a

4

reasonable person, knowing all the facts, to believe that the assigned judge has formed an opinion so extreme that fair judgment appears impossible, or that the judge is unduly biased against Defendant").

Therefore, IT IS ORDERED that AIB's Motion for Judicial Recusal (Fil. #400) is DENIED.

Dated: January 5, 2015.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court
Sitting by Designation